IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIJO STALLINGS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-780-MHT |
| | ) | (WO) |
| DILLON MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on October 13, 2021, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

    Plaintiff: Marijo Stallings

    Plaintiff's Counsel: W. Kent Winingham
    William E. Winingham
    Wilson Kehoe Winingham LLC
    2859 N. Meridian Street
    Indianapolis, IN 46208
    Tel: 317-920-6400
    Email: kwiningham@wkw.com
    winingham@wkw.com

    Michael J. Crow
    Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
    P.O. Box 4160
    Montgomery, Alabama 36103
    Tel: 334-269-2343
    Email: mike.crow@beasleyallen.com

    Defendant: Dillon Melvin

    Defendant's Counsel: R. Brett Garrett
    Rushton, Stakely, Johnston & Garrett, P.A.
    P.O. Box 270
    184 Commerce Street

Montgomery, AL 36101-0270
Tel: 334-206-3294
Email: bg@rushtonstakely.com

**COUNSEL APPEARING AT PRETRIAL HEARING:** same as trial counsel mentioned above.

2. **JURISDICTION AND VENUE:** This Court has jurisdiction and venue pursuant to 28 USC §1322 and 28 USC §1391(a).

3. **PLEADINGS:** The following pleadings and amendments were allowed:

    a.  Plaintiffs' Complaint, filed September 29, 2020

    b.  Plaintiffs' Amended Complaint

    c.  Defendant's Answer to Amended Complaint

    d.  Plaintiffs' Second Amended Complaint

    e.  Defendant's Answer to Second Amended Complaint

4. **CONTENTIONS OF THE PARTIES:**

    a. The Plaintiff contends that on October 19, 2018, the Plaintiff was severely injured when the Defendant, Dillon Melvin, negligently struck the rear of the Plaintiff's vehicle on Interstate 65 in Autauga County, Alabama. The Plaintiff further contends that the Defendant was negligent in his failure to recognize traffic in front of him slowing and coming to a stop, and as a result impacted the Plaintiff's vehicle at an extremely high rate of speed causing the Plaintiff's vehicle to roll over across the median from northbound travel lanes and in to southbound travel lanes and traffic on Interstate 65. The Plaintiff suffered severe, permanent injuries for which she received extensive medical treatment. Marijo Stallings' claim is the only remaining claim. The claims of the other three Plaintiffs, Elizabeth Nemecek, Anthony Stallings, and Alexandra Stallings, have been dismissed or will be prior to trial.

    b. Defendant contends that Mr. Melvin acted reasonably on the date of the accident considering the circumstances that developed around him as he was traveling on Interstate 65. Defendant contends that the reasonableness of his actions must be determined based on the facts and circumstances that existed at the time and not with the benefit of hindsight. Defendant denies that he engaged in wanton conduct. Defendant further contends there is insufficient evidence to demonstrate that the conditions for which Plaintiff Marijo Stallings received treatment following the accident were proximately caused by the accident and not degenerative or pre-existing.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

   a. The parties stipulate that the parties have been properly named.

   b. Jurisdiction and venue are proper with this court.

   c. Plaintiff, Marijo Stallings, is the only remaining Plaintiff to this action. All other Plaintiffs have been (or will be) dismissed prior to trial.

\*\*\*

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last 2.5 days, are set for December 6, 2021, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed two weeks before jury selection;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 36) entered by the court on January 14, 2021; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 14th day of October, 2021.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE