IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MARIJO STALLINGS,              )
individually and as legal      )
guardian of Anthony N.         )
Stallings, an incompetent,     )
                               )
        Plaintiff,             )
                               )        CIVIL ACTION NO.
     v.                        )        2:20cv780-MHT
                               )            (WO)
DILLON MELVIN,                 )
                               )
        Defendant.             )

OPINION

Plaintiff Marijo Stallings brought this lawsuit on behalf of her adult son, Anthony Stallings, who has Down syndrome and of whom she is the legal guardian. She seeks to recover for injuries he sustained in a motor-vehicle accident.[1]  She names Dillon Melvin as

---

1. Marijo Stallings, Alexandra E. Stallings (Marijo Stallings's daughter and Anthony Stallings's sister) and Elizabeth Nemecek (Marijo Stallings's mother and Anthony Stallings's grandmother) were also in the vehicle at the time of the accident. Marijo Stallings brought this lawsuit in her own behalf as well, and her personal claim is still pending. Alexandra Stallings and Nemecek were plaintiffs too, but their claims have settled.

defendant; Melvin was the driver of the other vehicle involved in the accident. She asserts state claims against Melvin for negligently and wantonly operating his vehicle while being an underinsured motorist at the time of the accident. This court has proper jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

Marijo Stallings and Melvin have now reached a settlement of the case as to Anthony Stallings. Because the parties represent that Anthony Stallings is an "incompetent person" as referenced in Federal Rule of Civil Procedure 17(c), they have asked the court to approve their proposed settlement. At the pro ami hearing held on November 29, 2021, the court heard from the following persons: Marijo Stallings and Anthony Stallings; Anthony Stallings's court-appointed guardian ad litem, Karen Mastin Laneaux; and counsel for the

parties.[2]  For the reasons described below, the court
will approve the settlement.


## I. BACKGROUND

On October 19, 2018, Marijo Stallings and her son
Anthony Stallings were traveling with two other
passengers on Interstate-65, north of Prattville,
Alabama, when their vehicle was struck from behind by a
car operated by Melvin.  Anthony Stallings suffered
pain in his lower back and spine and received physical
therapy for three weeks.  He has since made a full
recovery.  Melvin denies liability and has asserted
affirmative defenses.  The court understands from the
pleadings, evidence, and representations of counsel for
the parties that liability remains disputed.

---

2. Because Anthony Stallings is an adult and,
according to his mother, is relatively "high
functioning" for someone with his disability and has
some understanding of the proceedings, the court
thought it was appropriate to solicit his views on the
fairness of the settlement.

The parties have proposed to the court a settlement of $ 60,000 to resolve all of claims and damages asserted by Marijo Stallings as legal guardian of her son Anthony Stallings and arising out, or relating to, the accident. Out of the settlement amount, $ 929.64 is to be paid to Anthony Stallings's insurer for an outstanding lien for its payment for treatment rendered. The remainder of the settlement funds are to be divided between Marijo Stallings, on behalf of Anthony Stallings, and her two attorneys, Mike Crow and Bill Winingham. The fee agreement with the attorneys provides for a 35 % contingency fee, calculated before subtraction of bills or other expenses. This amounts to a total of $ 21,000 that is to be paid to the attorneys from the settlement. In addition, $ 2,212.02 of the settlement proceeds is to be paid to the attorneys as reimbursement for the expenses incurred in filing and prosecuting this case.

4

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 17(c) provides that a "representative" may sue "on behalf of a minor or an incompetent person." Additionally, the rule does not prescribe any framework for evaluating a settlement of claims brought by such representative. *See* Fed. R. Civ. P. 17. Marijo Stallings has brought the claims on behalf of her son Anthony Stallings pursuant to Rule 17.

Previously, this court held with regard to the settlement of claims brought on behalf of "a minor" that, where the minor's claims against the defendant are state claims, Alabama substantive law governs the claims, s*ee K.J. v. CTW Transportation Servs., Inc.*, No. 2:18cv19-MHT, 2018 WL 3656305, at *1 (M.D. Ala. Aug. 2, 2018) (Thompson, J.) (citing *Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir. 2001)); that "Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled," *Casey*

*v. Gartland*, No. 2:18cv890-MHT, 2020 WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) (Thompson, J.) (citing *Large v. Hayes by and through Nesbitt*, 534 So. 2d 1101, 1105 (Ala. 1988)) (further citations omitted); that the hearing must involve "an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor," *id.*, 2020 WL 4470444, at *1 (citing *Large*, 534 So. 2d at 1105) (internal citation omitted); *see also* William E. Shreve, Jr., *Settling the Claims of a Minor*, 72 Ala. Law 308 (2011); and that, because a minor cannot ordinarily be bound by a settlement agreement, a fairness hearing and approval of the settlement are required in order for the settlement to be valid and binding and to bar a subsequent action by that person to recover for the same injuries, *see Casey*, 2020 WL 4470444, at *1 (citing Shreve, *Settling the Claims of a Minor*, *supra*, at 310) (internal citation omitted).

Today, this court holds that the above legal principles apply with equal force to settlement of claims brought on half of an adult "incompetent person" and thus apply here, to the claims brought by Marijo Stallings as legal guardian of her son Anthony Stallings.

### III. APPROVAL OF THE SETTLEMENT

Having reviewed the pleadings in this case and the report of the guardian ad litem and having heard detailed testimony and argument at the pro ami hearing, the court finds that the terms and conditions of the proposed settlement are in the best interest of Anthony Stallings and are fair, just, and reasonable under the circumstances. The net amount to be distributed to Anthony Stallings is $ 35,858.34.

First, the decision to settle is logical. There is no guarantee that a jury would render a verdict awarding Marijo Stallings on behalf of her son Anthony

7

Stallings an amount greater than $ 60,000. Moreover, even if the jury might award an amount greater than the settlement amount, the expenses associated with proceeding to trial might substantially decrease the net recovery to Anthony Stallings. By settling, Marijo Stallings's attorneys (and, consequentially, Anthony Stallings as well) are avoiding the additional costs associated with trying these issues before a jury. Therefore, the court finds that the decision to settle the case prior to the parties engaging in a jury trial is reasonable.

Second, the court finds that the settlement amount of $ 60,000 to be reasonable in this case. The day of the accident Anthony Stallings was airlifted to UAB Medical Center in Birmingham, Alabama, where he complained of lower back pain. At UAB they performed CT scans of his body and, fortunately, discovered no traumatic injuries. He was discharged from UAB that same day. When he returned to his home in Indiana,

around a week later, he sought treatment at Methodist
Sports Medicine.  He was still complaining of lower
back pain at that time.  The staff there conducted
x-rays and identified a sprain of ligaments in his
lower back. Anthony Stallings eventually completed
physical therapy, consisting of electric stimulation
and manipulation, three times a week for three weeks.
He has recovered fully from his injuries sustained in
the accident.

Anthony Stallings has only one outstanding lien
from his medical bills.  He originally owed Anthem
$ 1,458.52 but counsel were able to get that amount
reduced to $ 929.64.  The total to be repaid from the
settlement is, therefore, $ 929.64, with him to receive
the benefit of his insurer accepting a total of
$ 528.88 less than the amount otherwise owed.

At the hearing, the court heard testimony from
Marijo Stallings that she understands that the

remaining proceedings are to be used solely for the benefit of her son.

Therefore, in light of the injuries sustained by Anthony Stallings; the length of time that he received medical treatment; his full recovery; and his having his lien and subrogation claim satisfied for less than the full amount owed, the court finds that the $ 60,000 settlement is fair and reasonable.

Third, the court will address Marijo Stallings's attorney's fee incurred on behalf of Anthony Stallings. The governing fee agreement provides for a 35 % contingency fee, which Marijo Stallings's counsel request the court approve. Under the contingency-fee agreement, counsel would receive $ 21,000. In addition, $ 2,212.02 of the settlement proceeds is to be paid to the attorneys as reimbursement for the expenses incurred in filing and prosecuting this case. Therefore, in total the attorneys will receive

$ 23,212.02, with Anthony Stallings to receive a net recovery of $ 35, 858.34.

The guardian ad litem, in preparing her report, analyzed the reasonableness of the attorney's fee and reimbursement of expenses.  As part of her preparation she met with both Marijo Stallings and her attorneys to discuss the work that was done in the case.  Her report evaluated several of factors set forth in *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983), for determining the reasonableness of an attorney's fee.  She concluded, based on the nature of the suit, labor and skill required, fees customarily charged in this locality, time consumed, and measure of success, that the attorney's fee is reasonable.  *See Ex parte Peck*, 572 So. 2d 427 (Ala. 1990); *Peebles*, *supra*.  The court concludes, based on both the guardian ad litem's analysis and its independent assessment, that the contingency fee and reimbursement of expenses both are reasonable.

For these reasons, the court will approve the attorneys' 35 % contingency fee reflecting a dollar amount of $ 21,000 and reimbursement of expenses reflecting a dollar amount of $ 2,212.02, leaving a net recovery for Anthony Stallings of $ 35,858.34.

Finally, the court finds that guardian ad litem's recommendation concerning the holding and eventual disbursement of the proceeds to be in the best interest of Anthony Stallings.  The guardian ad litem approves of Marijo Stallings's plan to open a special needs trust for her son, with her serving as trustee, so that he can financially qualify for Social Security and Medicaid benefits.  Marijo Stallings is already authorized pursuant to an Indiana guardianship statute to manage her son's personal property.  A special needs trust will allow her to manage his funds in the name of the trust and maintain his financial eligibility for Social Security, Medicaid, and any other benefits to which he may be entitled to in the future.

12

The court also accepts the guardian ad litem's recommendation that, until the establishment of said special needs trust, the net settlement proceeds of $ 35,858.34 should be placed in Marijo Stallings's counsel's escrow account. Once the trust is established by Marijo Stallings, counsel shall deposit the funds into the special needs trust.

Finally, Marijo Stallings, her son Anthony Stallings, and the guardian ad litem all agree that the settlement amount is in Anthony Stallings's best interest.

***

In sum, as stated, the court finds that the settlement is fair, just, and reasonable, and in the best interest of Anthony Stallings. The court will therefore approve the settlement.

13

An appropriate judgment, which substantially tracks the language in the proposed judgment submitted by the parties, will be entered.

DONE, this the 2nd day of December, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

14