IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARIJO STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv780-MHT |
| | ) | (WO) |
| DILLON MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## CLOSING INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the
arguments of counsel, it becomes my duty to explain to
you the rules of law that you must follow and apply in
deciding this case.

When I have finished you will go to the jury room
and begin your discussions--what we call your
deliberations.

## I. INTRODUCTION

In deciding the case you must follow and apply all
of the law as I explain it to you, whether you agree with

that law or not.  Regardless as to any opinion you may
have as to what the law is or ought to be, it would be a
violation of your sworn duty to base your verdict upon
anything other than the evidence in the case.  Also, you
are not to single out one instruction alone as stating
the law but must consider these instructions as a whole.

You must also not let your decisions be influenced
in any way by either sympathy, or by prejudice, for or
against anyone.  Both the public and the parties expect
that you will carefully and impartially consider all of
the evidence without prejudice or bias or sympathy,
follow the law as stated by the court, and render a just
verdict regardless of the consequences.  Our system of
law does not permit jurors to be governed by bias,
prejudice, or sympathy, or by public opinion.

This case should therefore be considered and decided
by you as an action between persons of equal standing in
the community, and holding the same or similar stations
in life.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits—that I have admitted in the record.   However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.   "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case.   The function of the lawyers is to point those things that are most significant or most helpful to their side of the case.   It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.   You should decide whether

you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth?  Did the witness have particular reason not to tell the truth?  Did the witness have a personal interest in the out of the case? Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them

directly?  Did the witness's testimony differ from other testimony or other evidence?

Now, this is a civil case, not a criminal case.  Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt."  This is not the burden of proof in this case because, as I said, this is a civil case.

In this case it is the responsibility of the party having the burden of proof to prove every essential part of his or her claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."  A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you what is sought to be proved more likely true than not true.  In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish an

essential part of what is sought to be proved by a preponderance of the evidence, then you should find against the party having the burden of proof.

## II. DISCUSSION OF CLAIM

The plaintiff in this lawsuit is Marijo Stallings; she is the one who has brought this lawsuit. The defendant in this case is Dillon Melvin; he is the one whom the plaintiff has sued.

The plaintiff has one claim against the defendant arising out of an accident on October 19, 2018, for "negligence." The plaintiff says she was harmed by the defendant's negligent conduct when he struck the rear of the plaintiff's vehicle causing it to flip over several times across a median and into the opposite path of travel of vehicles on I-65. The plaintiff claims the defendant caused her injuries, including injuries to her cervical spine, and that such injuries required medical treatment including surgery. The defendant agrees there was a collision, but denies the other things the plaintiff

6

says. You must decide whether the defendant is responsible for the harm the plaintiff says he caused.

For the plaintiff to prevail on the "negligence" claim, the plaintiff must establish the following by a preponderance of the evidence:

1. that the defendant was negligent;

2. that the plaintiff was harmed; and

3. that the defendant's negligence proximately caused injury or damage to the plaintiff.

If you find that the plaintiff has established all three of these items by a preponderance of the evidence, you must then decide what amount of money will fairly and reasonably compensate the plaintiff for the harm. If you do not decide all three of these items by a preponderance of the evidence, you will find for the defendant.

You have heard the court use the term "negligence." Negligence means the failure to exercise reasonable or ordinary care--that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances. In determining whether a person was negligent, you are instructed that a driver of a motor vehicle must use reasonable care not to cause harm to others using the public roadway. You are also instructed that a driver must keep a lookout for others, and he must use reasonable care to anticipate the presence of others. A driver is negligent if he fails to see what was there to be seen or otherwise fails to discover a vehicle that he should have discovered in time to avoid hitting it.

You have also heard the court use the term "proximate cause." The proximate cause of an injury or damage is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury or damage would not have occurred. You must

decide whether the defendant's conduct proximately caused the plaintiff's harms.  His conduct caused the harm if (1) the conduct naturally and probably brought about the harm and (2) the harm would not have happened without the conduct.

The Alabama Rules of the Road are a collection of statutes enacted into law by our legislature to regulate the flow of traffic upon the highways of this state.  The violation of certain of these Rules of the Road by a person using the public highways is prima facie negligence.  This means that the violation of such a rule is presumed to be negligence but such a violation is not under all circumstances negligence, and it is a jury question whether such a violation is negligence.  Should you determine that the violation of such a statute is negligence, such negligence in order to be action on the part of the defendant must proximately cause or proximately contribute to the injury complained of by the plaintiff.

I will now read a Rule of the Road to you. The fact that I read this statute is no indication that the statute has been violated or that such a violation is negligence, or that any such violation proximately caused or proximately contributed to the injury complained of by the plaintiff. It is for you to decide whether or not such a violation is negligence, and whether or not any such violation proximately caused or proximately contributed to the injury complained of by the plaintiff depending on what you find the facts to be.  The rule is:

"§ 32-5A-89 Following too closely.

(a) The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.   Except when overtaking and passing another vehicle, the driver of a vehicle shall leave a distance of at least 20 feet for each 10 miles per hour of speed between the vehicle that he is driving and the vehicle that he is following."

If the plaintiff has failed to establish that the defendant was negligent; that the plaintiff was harmed; and that the defendant's negligence proximately caused

10

injury or damage to the plaintiff, then you need not go any further and you should find in favor of the defendant on the plaintiff's negligence claim. However, if the plaintiff has established all three of the elements, you need to determine damages.

### III. DAMAGES

The plaintiff seeks compensatory damages. The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate her for the injury and other damages which have been inflicted upon her as a proximate result of the wrong complained of. To recover compensatory damages, the plaintiff must establish them by a "preponderance of the evidence."

The plaintiff here claims compensatory damages for the following items:

(1) physical pain and mental anguish;

(2) permanent injury;

(3) aggravation of pre-existing condition;

(4) medical expenses.

The plaintiff says that she suffered physical pain and mental anguish. There is no legal rule or yardstick that tells you how much money to award for physical pain and mental anguish. The amount you decide to award is up to you, but it must be fair and reasonable, based on sound judgment, and proved by the evidence. In deciding the amount of the award you may consider among other things, the nature, severity, and length of time the plaintiff had physical pain and mental anguish.

You should award the plaintiff an amount for future physical pain and mental anguish if the plaintiff has proved that it is reasonably certain that she will have physical pain and mental anguish in the future.

The plaintiff also says she is permanently harmed. The purpose of awarding damages for permanent harm is to compensate the plaintiff for the harm. Harm is permanent if, in all reasonable probability, it will continue for

12

the rest of the plaintiff's life. You must decide whether the plaintiff is permanently harmed, and if so what amount of damages will reasonably compensate her for the harm.

If you decide that the plaintiff had a preexisting condition, whether she knew it or not, and that the defendant's conduct aggravated the condition, then you will award the plaintiff an amount that reasonably compensates her for the harm caused by the defendant's conduct.

The fact that the plaintiff had a pre-existing condition that made it more likely that she would be harmed by the defendant's conduct does not affect the amount of damages that she is entitled to recover for that harm.

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay.  The reasonableness of, and necessity for, such expenses are matters for your determination

from the evidence. There is also evidence that the plaintiff will have to pay back from any award the money Anthem paid for the plaintiff's medical expenses, totally a repayment of $ 63,107.46.

## IV. FINAL INSTRUCTIONS

The fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe the plaintiff should or should not prevail.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your

mind if you become convinced that you were wrong.   But
do not given up your honest beliefs solely because the
others think differently or merely to get the case over
with.

Remember, that in a very real way you are
judges--judges of the facts.   Your only interest is to
seek the truth from the evidence in the case.   When you
go to the jury room you should first select one of your
members to act as your foreperson.   The foreperson will
preside over your deliberations and will speak for you
here in court.

If you should desire to communicate with me at any
time, please write down your message or question and pass
the note to the security officer, who will bring it to
my attention.    I will then respond as promptly as
possible, either in writing or by having you returned to
the courtroom so that I can address you orally.   I caution
you, however, with regard to any message or question you
might send, that you should not tell me your numerical
division at the time.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date it, sign it, and carry it. You will then return to the courtroom.