IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARIJO STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv780-MHT |
| | ) | (WO) |
| DILLON MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

SANCTIONS OPINION AND ORDER

Relying on diversity jurisdiction, plaintiff Marijo
Stallings sued defendant Dillon Melvin pursuant to
Alabama law to recover for injuries she sustained in a
motor-vehicle accident. A jury trial was held and
Melvin was found liable. The case is now before the
court on Stallings's notice of submission of fees and
expenses, which the court construes as "a motion for
reasonable attorney fees and expenses" for Melvin's
failure to comply with this court's Uniform Scheduling
Order. *See* Order of November 18, 2021 (Doc. 94), at
2-3. For reasons that follow, the motion will be
granted, and fees in the amount of $ 2,775 awarded.

## I. BACKGROUND

Prior to trial, Stallings filed a motion to strike Melvin's exhibit and witness lists because the lists did not comply with the court previously entered Uniform Scheduling Order. *See* Pl.'s Mot. to Strike (Doc. 62). After reviewing the parties' briefs and conducting a hearing on the motion, the court entered an order finding that it "became evident that [Melvin]'s exhibit and witness lists substantially failed to comply with the court's Uniform Scheduling Order." Order of November 18, 2021 (Doc. 94), at 1. However, "the court decided the appropriate recourse was to allow [Melvin] the opportunity to refile compliant lists and, in return for that belated opportunity, to apply an appropriate sanction, rather than for the court to exclude [Melvin]'s witnesses and exhibits." *Id.* at 1-2. The court explained that, "An appropriate sanction would include allowing [Stallings] to recover reasonable attorney's fees and expenses for

litigating the strike motion as well as those incurred as a result of [Melvin]'s tardiness in exchanging compliant lists of exhibits and witnesses." *Id.*

Based on these findings and explanations, the court then ordered that Stallings's motion to strike was granted to the following extent: (1) Melvin had the option to refile, by an indicated date and time, both exhibit and witness lists that comply with the Uniform Scheduling Order; (2) if Melvin chose not to refile compliant lists, then he would be precluded from presenting exhibits and calling witnesses; and (3) if Melvin chose to refile compliant lists, Stallings would be allowed, following entry of final judgment, to file a motion for reasonable attorney's fees and expenses. *See id.*

In accordance with the court's order on the motion to strike, Melvin chose to refile compliant lists, and, after judgment, Stallings filed notice of submission of fees and expenses, which, as stated, the court now

construes as a motion for reasonable attorney fees and expenses for Melvin's failure to comply with this court's Uniform Scheduling Order.

## II. DISCUSSION

As stated above, the court previously determined that it was evident that Melvin's exhibit and witness lists substantially failed to comply with the court's Uniform Scheduling Order and that, should Melvin choose to refile compliant lists, Stallings could file, after judgment, a motion for reasonable attorney fees and expenses. This motion is now before the court.

"Under Federal Rule of Civil Procedure 16(f), if a party's attorney, without reasonable excuse, fails to comply with a scheduling order ..., the court may impose sanctions against that attorney, and the sanctions may include the opposing party's reasonable attorney's fees and expenses incurred because of noncompliance with Rule 16." *See Perryman v. First*

**4**

*United Methodist Church*, 241 F.R.D. 521, 523 (M.D. Ala 2007) (Thompson, J.)[1]

The court has already found that Melvin failed to comply with the court's Uniform Scheduling Order. The court was convinced that, in violation of the scheduling order, Melvin's witness list did not distinguish between "those whom the party expects to present and those whom the party may call if the need arises." Uniform Scheduling Order of January 14, 2021

_____

1. Rule 16 Provides: "Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P.16(f).

(Doc. 36), at § 9.  The court was further convinced that Melvin's exhibit list identified records and documents in bulk, in violation of the scheduling order's prohibition on "general or bulk designations." *Id*. at § 11.  The court was finally convinced that Melvin's counsel had no reasonable excuse for these violations.  The evidence further demonstrated that Stallings's attorneys expended additional labor because of Melvin's noncompliance.

As a sanction and pursuant to the order on the motion to strike, the court will require Melvin to compensate Stallings for fees and expenses incurred as a result of Melvin's noncompliance with Rule 16. Stallings seeks reimbursement for fees incurred through the work of one attorney in the amount of $ 4,625.00. Stallings calculated the amount based on a rate of $ 500 per hour for 9.25 hours that the attorney worked in litigating the motion to strike.  Melvin argues that $ 4,625 would be excessive and unjust.

6

First, Melvin expressed doubts that Stallings's counsel took 9.25 hours to litigate the motion to strike. However, Stallings's counsel provided an itemized accounting of the fees and expenses incurred in litigating the strike motion. Pl.'s Submission of Fees and Expenses (Doc. 133) at 2-3. And Melvin did not provide any evidence that disputed these representations. Therefore, the court accepts, and so finds, that the Stallings's counsel spent 9.25 hours addressing the non-compliant witness and exhibit lists.

Second, Melvin argues that a reasonably hourly rate would be between $ 165 and $ 250. Both parties submitted affidavits from lawyers in the community to demonstrate what a reasonable hourly rate should be. Stallings provided an affidavit from Hon. Christina Crow of Jinks, Crow, and Dickerson in Montgomery, Alabama who attests that the $ 500 hourly rate is

reasonable.[2]  *See* Crow Aff. Ex. A (Doc. 133-1).   She states that the estimate is based on her experience as an attorney and a recent former President of the Alabama State bar.   Melvin provided two affidavits to support his differing hourly rates.   One is from Hon. Jared Kaplan, who is a partner with the firm Holtsford, Gillibrand, Higgins, Hitson, and Howard, P.C. in Montgomery, Alabama.   Kaplan states that the customary rate of a partner-level attorney with 10 years of experience in an automobile negligence action, such as in *Stallings,* is $ 165 per hour.  *See* Kaplan Aff. Ex. A (Doc. 135-1) at 2.   The other affidavit is from Hon. Spence Morano, who practices with Leak, Douglas, & Morano, P.C. in Birmingham, Alabama.   Morano states that the customary hourly rate of a partner-level attorney with over 10 years of experience in the Birmingham market for an automobile negligence action,

---

2. Hon. Christina Crow is not related to Stallings's attorney Hon. Mike Crow.

such as in *Stallings,* is $ 250.00 per hour.  *See* Morano Aff. Ex. B (Doc. 135-2) at 2.

A reasonable fee is obviously a range, and the court finds from the submitted affidavits that a reasonable range here would be $ 200 to $ 400, and that, within this range, a reasonable fee for Stallings's counsel is $ 300 an hour.[3]

Therefore, having considered the arguments and evidence of the parties, the court finds that $ 2,775 is a reasonable amount, both as to time spent and rate, with the amount calculated as follows: 9.25 hours multiplied by an hourly rate of $ 300, totaling $ 2,775.  The court finds that this amount is sufficient to compensate Stallings's counsel for

---

3.    The parties submitted other bases for determining the fee rate.  Melvin suggested the hourly fee for the guardian ad litem who was appointed to evaluate the settlement reached for Stallings's son, Anthony Stallings.  Stallings cited a decision from a state judge finding that a $ 500.00 hourly rate was a reasonable and customary rate for an attorney near Montgomery County.  *See* Pl.'s Resp. (Doc. 136) at 2. This additional evidence does not warrant a different conclusion by the court.

expenses incurred as a result of Melvin's noncompliance with Rule 16. The actions of Melvin's counsel wasted time, the time necessary to litigate and resolve the motion to strike, and the time needed to resolve the issue of sanctions.

***

Accordingly, it is ORDERED as follows:

(1) Plaintiff Marijo Stallings's submission for fees and expenses (Doc. 133) is treated as a motion for reasonable attorney's fees and expenses for defendant Dillon Melvin's failure to comply with the court's Uniform Scheduling Order, and said motion is granted.

(2) Plaintiff Stallings shall have and recover, from defendant Melvin, attorney's fees and expenses in the amount of $ 2,775.

DONE, this the 22nd day of February, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

10